THE STATE of NEBRASKA, EX. REL. JOSEPH K. MARLAY, v. F. W. LIEDTKE, AUDITOR OF PUBLIC ACCOUNTS.

Act of the Legislature: ALLEGED OMISSIONS. In the case made, *held* that this court cannot supply a positive provision of law wanting in an enrolled act, approved by the executive, and deposited in the office of the secretary of state, even if it appear by the journals that the bill containing such provision passed both houses of the legislature, and that such provision was left out of the enrolled bill either by accident or design.

ORIGINAL application for mandamus to compel the respondent to draw his warrant on the state treasurer for the sum of $75, balance of salary alleged to be due the relator as deputy commissioner of public lands and buildings for the fiscal quarter ending June 30, 1879.

*John D. Hayes*, for the relator.

The *Attorney General*, for the respondent.

NOTE.—See Laws 1879, p. 379.

Cobb, J.

The act of the legislature, entitled " An act to pro-
vide for the payment of the salaries of the officers of
the state government, penitentiary, hospital for insane,
institutes for the blind and deaf and dumb, for the
years 1879 and 1880," approved Feb. 27, 1879 [Laws,
1879, p. 427], fixes the salary of the relator at $1200
per annum, and appropriates $2400 for the purpose of
paying the same for the years 1879 and 1880.   Such
are the provisions of the law as published, and as it
appears in the enrolled act on file in the office of the
secretary of state.

It would not avail the relator in this action if it
were true, as suggested, that a senate amendment to
House Roll 52 (being the bill for the above act), rais-
ing his salary to $1,500 per year, and appropriating
$3,000 to pay the same for the said two years, was
agreed to in committee of conference and reported to
and adopted in each house respectively.   For even
then the law in that shape would lack one essential
of legislation, viz.: approval by the executive.   I will
therefore decline to look into the journals to ascer-
tain whether the relator's history of the bill in ques-
tion be correct or not.   Because, if correct in every
particular, it could not avail him here.

The writ must therefore be denied.

WRIT DENIED.